IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DUDLEY B. MORITZ,

    Plaintiff,

v.  No. 12-1106 B

DELTA BEVERAGE GROUP, INC.,
PEPSIAMERICAS, PEPSI BEVERAGE
COMPANY and PEPSICO, INC.,

    Defendants.
_____

ORDER DISMISSING PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION AND
RETALIATION UNDER THE ADEA AND FOR DISABILITY DISCRIMINATION
AND FAILURE TO ACCOMMODATE UNDER THE ADA
_____

       This lawsuit was initiated by the Plaintiff, Dudley B. Moritz, who is represented by counsel, on May 3, 2012 and alleged violation of Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act (ADA); the Age Discrimination in Employment Act of 1967, as amended (ADEA); and the Employee Retirement Income Security Act of 1974. On July 16, 2012, the Defendants moved to dismiss Plaintiff's claims of age discrimination and retaliation under the ADEA as well as his claims of disability discrimination and failure to accommodate under the ADA for failure to state a claim pursuant to Rule 12 of the Federal Rules of Civil Procedure. (D.E. 15.) Upon Plaintiff's failure to respond to the motion within the time permitted under the local rules of this district, *see* Local Rule 12.1(b)),[1] this Court, in an order entered August 27, 2012, directed Moritz to show cause within eleven days why the claims on which Defendants sought dismissal

---

[1] The local rule provides in pertinent part that "[a] party opposing a motion to dismiss must file a response within 28 days after the motion is served." LR 12.1(b).

should not be dismissed for failure to prosecute. (D.E. 20.) No response to the show cause order has been filed.

Rule 41 of the Federal Rules of Civil Procedure permits a district court to dismiss a claim "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Salt Lick Bancorp v. F.D.I.C., 187 F. App'x 428, 446 (6th Cir. 2006) (quoting Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)) (internal quotation marks omitted). In determining whether the sanction of dismissal is appropriate, district courts are instructed to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the . . . party's conduct; (3) whether the . . . party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005).

The first factor weighs in favor of dismissal where the court finds that the "defendant cannot be expected to defend an action[] that plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend [the] case." Pisarcik v. Prison Health Servs., No. 09-14835, 2010 WL 2796439, at *2 (E.D. Mich. June 18, 2010) (internal quotation marks omitted), *report & recommendation adopted by* 2010 WL 2772327 (E.D. Mich. July 13, 2010). This factor supports dismissal of the claims at issue here. The second factor also weighs on the side of the Defendants, as continued defense of a claim the plaintiff has chosen not to pursue results in prejudice. *See* Whitehurst v. United Capital Mortg., No. 06-2685, 2007 WL 4208698, at *3 (W.D. Tenn. Nov. 26, 2007) (order adopting report & recommendation). In its August 27, 2012 show cause order, the Court warned the Plaintiff that "failure to file a sufficient and timely response to this

directive may result in dismissal of the claims which are the subject of the pending dispositive motion."  (D.E. 20 at 2.)  Finally, in light of Plaintiff's failure to respond to the motion to dismiss and to the show cause order, the Court sees no benefit in considering or imposing lesser sanctions.  *See* Akin-Olugbade v. Cnty. of Wayne, No. 11-15341, 2012 WL 2995487, at *2 (E.D. Mich. July 6, 2012) ("given plaintiff's repeated failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions"), *report & recommendation adopted by* 2012 WL 2995482 (E.D. Mich. July 23, 2012).  Thus, the Court finds that none of the considerations militate in favor of the Plaintiff.  Accordingly, the claims addressed by the Defendants' motion to dismiss are hereby DISMISSED with prejudice.  The Clerk is DIRECTED to remove D.E. 15 from pending status.

  IT IS SO ORDERED this 20th day of September 2012.

           s/ J. DANIEL BREEN
           UNITED STATES DISTRICT JUDGE