IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DUDLEY B. MORITZ,

    Plaintiff,

v.                              No. 12-1106

DELTA BEVERAGE GROUP, INC.,
PEPSIAMERICAS, PEPSI BEVERAGE
COMPANY and PEPSICO, INC.,

    Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

---

This lawsuit was brought by the Plaintiff, Dudley B. Moritz, who was represented by counsel, on May 3, 2012 and alleged violations of Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act (ADA); the Age Discrimination in Employment Act of 1967, as amended (ADEA); and the Employee Retirement Income Security Act of 1974.  On July 16, 2012, the Defendants moved to dismiss Plaintiff's claims of age discrimination and retaliation under the ADEA as well as his claims of disability discrimination and failure to accommodate under the ADA.  (D.E. 15.)  Upon his failure to respond to the motion within the time permitted under the local rules of this district, the Court, in an order entered August 27, 2012, directed Moritz to show cause within eleven days why the claims on which Defendants sought dismissal should not be dismissed for failure to prosecute in accordance with Rule 41 of the Federal Rules of Civil Procedure.  (D.E. 20.)  No response to the show cause order was filed.  On September 20, 2012, the Court dismissed under Rule 41 the claims that were the subject of the Defendants' motion.  (D.E. 22.)

On March 7, 2013, the Defendants sought dismissal of Moritz's remaining claims for failure to prosecute, failure to appear at court-mandated conferences and failure to comply with Court orders. (D.E. 29.) The motion was referred to the United States Magistrate Judge for report and recommendation. (D.E. 30.) The Plaintiff did not respond to the dispositive motion. On April 11, 2013, Magistrate Judge Edward G. Bryant entered a report and recommendation in which he recommended that this matter be dismissed with prejudice. (D.E. 31.)

Subsequently, it came to the Court's attention that Plaintiff's attorney, Gregory Minton, had been suspended and his files distributed among area attorneys. As a result, Moritz was unrepresented in this matter. At a status conference conducted on November 13, 2013, Plaintiff appeared and advised the Court that he intended to pursue his claims. (D.E. 46.) The Court dismissed Defendants' March 7, 2013 motion without prejudice. (*Id.*) On November 15, 2013, the Court set aside its September 20, 2012 order and permitted Moritz thirty days in which to respond to the Defendants' July 16, 2012 motion to dismiss. (D.E. 49.) No response was filed. On April 11, 2014, the Defendants filed an amended motion to dismiss (D.E. 55), to which Plaintiff also failed to respond.

On August 12, 2014, the Court entered an order directing Moritz to show cause why this matter should not be dismissed for failure to prosecute pursuant to Rule 41. (D.E. 58.) Again, there was no response. In a report and recommendation entered August 28, 2014, the Magistrate Judge recommended that the case be dismissed without prejudice. (D.E. 60.) No objections have been filed by either party and the time for such objections has expired.

Rule 41 permits a district court to dismiss an action if a plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b). "The rule allows district courts to manage their dockets

and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam). In determining whether the sanction of dismissal is appropriate, district courts consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9-10 (6th Cir. 2012).

The first factor weighs in favor of dismissal where the court finds that the "defendant cannot be expected to defend an action[] that plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend [the] case." *Pisarcik v. Prison Health Servs.*, No. 09-14835, 2010 WL 2796439, at *2 (E.D. Mich. June 18, 2010) (internal quotation marks omitted), *report & recommendation adopted by* 2010 WL 2772327 (E.D. Mich. July 13, 2010). This factor supports dismissal of the complaint in the instant case. The second factor also weighs on the side of the Defendants, as continued defense of a lawsuit the Plaintiff has chosen not to pursue results in prejudice. *See Whitehurst v. United Capital Mortg.*, No. 06-2685, 2007 WL 4208698, at *3 (W.D. Tenn. Nov. 26, 2007) (order adopting report & recommendation). In its August 12, 2014 show cause order, the Court warned the Plaintiff that "failure to file a sufficient and timely response to this directive may result in dismissal of this action in its entirety." (D.E. 58 at 1.) The Court also admonished Moritz in its November 15, 2013 order that, in the event he failed to timely respond to the pending dispositive motion, "the claims which are the subject of the motion may again be dismissed for failure to prosecute." (D.E. 49 at 2.) In light of Plaintiff's continued failure to make any effort to move this case forward, the Court sees no benefit in considering or imposing lesser

3

sanctions. Thus, the Court finds that none of the considerations militate in Moritz's favor. Accordingly, the Court concludes that the report and recommendation of the magistrate judge concerning dismissal should be ADOPTED and this matter DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of September 2014.

s/ J. DANIEL BREEN  
CHIEF UNITED STATES DISTRICT JUDGE